**E-FILED**
Monday, 30 August, 2010  01:33:39 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION**

| | | |
|---|---|---|
| EVERETT LEWIS, | ) | |
| | ) | |
| Plaintiff, | ) | No. |
| | ) | |
| vs. | ) | Judge |
| | ) | Magistrate Judge |
| TAZEWELL COUNTY, | ) | |
| TAZEWELL COUNTY SHERIFF | ) | |
| ROBERT HUSTON, in his official capacity, | ) | |
| Tazewell County Sheriff's Deputies, | ) | Jury Demand |
| ALEISHA KARRICK, | ) | |
| Sgt. JENNIFER STANTON, | ) | |
| CURTIS KING, | ) | |
| DAVE HARPER, | ) | |
| MICHAEL TAYLOR, and | ) | |
| MARISSA FORCE, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

1.      This is an action for money damages brought pursuant to 42 U.S.C. § 1983, and the common law and statutes of the State of Illinois.

2.      Jurisdiction for Plaintiff's federal claims is based on 28 U.S.C. §§ 1331 and 1343(a). Jurisdiction for Plaintiff's state claims is based on supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

3.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

### Parties

4.      Plaintiff is a resident of Pekin, Illinois.

5.      Plaintiff suffers from a personality disorder and is bi-polar.

6.      Plaintiff is a disabled veteran.

7.      Defendant-Officers are duly appointed and sworn Tazewell County Sheriff's

1

Deputies. At all times relevant to this Complaint, the Defendant-Officers were acting in the course and scope of their employment, and under color of state law, ordinance and/or regulation.

8.      Defendant-Officers are sued in their individual capacities

9.      At the time of the occurrence, Defendant ROBERT HUSTON was the Tazewell County Sheriff, and the employer of Defendant-Officers.

10.     Defendant HUSTON is a defendant pursuant to *respondeat superior*.

11.     TAZEWELL COUNTY is the indemnifying entity for actions taken by Defendant HUSTON and/or his employees, including Defendant-Officers.

**Facts**

12.     On or about December 9, 2009, at approximately 1:00 a.m., Plaintiff was brought to the Tazewell County Jail on a misdemeanor charge.

13.     Plaintiff was placed in a cell at approximately 1:10 a.m.

14.     The cell did not have running water or any toilet paper.

15.     The toilet in the cell had fecal matter and urine in it.

16.     Plaintiff asked the Defendant-Officers if they would provide him with toilet paper and turn the water on in his cell.

17.     Plaintiff asked the Defendant-Officers if he could use the phone to call his mother to bond him out.

18.     The Defendant-Officers refused to allow Plaintiff to make a phone call.

19.     Plaintiff sat in the cell for approximately two hours asking the Defendant-Officers if he could have the water turned on and if he could call his mother to bond him out of jail.

20.     The Defendant-Officers continuously ignored Plaintiff.

21.     At approximately 3:20 a.m., Plaintiff, started to become agitated and went into a manic state and began to play the drums on the toilet and sing.

22.      The Defendant-Officers knew that Plaintiff suffered from mental illness but did not contact a doctor when Plaintiff started showing signs of a manic state.

23.     Defendant STANTON grabbed a video camera and began to record Plaintiff.

24.     While Plaintiff continued his manic behavior, Defendant KARRICK told Plaintiff that she was "about to tase" him.

2

25.     Plaintiff asked the Defendant-Officers for a detainee report so he could document the condition of his cell.

26.     The Defendant-Officers did not provide Plaintiff with a detainee report.

27.     Plaintiff continued to play drums on the toilet.

28.     While recording Plaintiff, one of the Defendant-Officers asked what they were waiting for.

29.     Upon information and belief, Defendant STANTON responded to the Defendant-Officer, "I say screw it, let's tase him."

30.     A short time later, Defendant KING opened Plaintiff's cell door.

31.     Plaintiff was kneeling by the toilet.

32.     Defendant KARRICK walked into Plaintiff's cell and tased Plaintiff in the back.

33.     At no point did Plaintiff threaten or become physically combative with the Defendant-Officers.

34.     As a result of the tase, Plaintiff fell backwards and screamed in pain.

35.     At this time, additional deputies entered the cell, including Defendant HARPER.

36.     HARPER bent over Plaintiff and said, "Every time you come in you have to be a fucking dick."

37.     Plaintiff attempted to sit up and HARPER instructed KARRICK to, "Hit him again."

38.     HARPER told Plaintiff that he is a "fuckin embarrassment to any veteran around here."

39.     Plaintiff served in the United States Military for six years and was honorably discharged.

40.     HARPER continued to curse at Plaintiff.

41.     One of the Defendant-Officers told KARRICK to "give him some more juice."

42.     KARRICK then ordered Plaintiff to sit on the bench.

43.     Plaintiff complied.

44.     Plaintiff again asked for a detainee report.

45.     HARPER told Plaintiff that he was not going to get one.

3

46.     Plaintiff then turned his back to the Defendant-Officers so they could remove the taser probes.

47.     Plaintiff began to feel pain and thought he could have a seizure.

48.     Plaintiff told the Defendant-Officers that he needed to go to the hospital.

49.     Plaintiff then began to lay down on the bench.

50.     KARRICK then tased Plaintiff a second time.

51.     Plaintiff was pleading with KARRICK to stop.

52.     When the Defendant-Officer finally stopped, they removed the taser probes from Plaintiff's back and left his cell.

53.     After the Defendant-Officers left Plaintiff's cell, Plaintiff requested a doctor.

54.     The Defendant-Officers ignored Plaintiff's requests.

55.     The Defendant-Officers set-up the camera and recorded Plaintiff as he lay on the ground after asking for a doctor.

56.     No Defendant-Officer ever went into Plaintiff's cell to check on him.

57.     Plaintiff suffered a seizure while laying on the floor.

58.     Plaintiff yelled for the Defendant-Officers to help him.

59.     The Defendant-Officers continued to ignore Plaintiff.

60.     After some time, Plaintiff got up from the floor and continued to show signs he was having a manic episode.

61.     The Defendant-Officers still did not summon medical attention for Plaintiff.

62.     Plaintiff went back to drumming on the toilet.

63.     Plaintiff then told the Defendant-Officers that he is aware of the abuse in the Tazewell County Jail.

64.     Plaintiff told HARPER that he knew about the beatings in the Tazewell County Jail and asked HARPER how many times he has gotten in trouble at the Jail.

65.     Plaintiff was aware of two prior beatings at the Tazewell County Jail, involving Mr. Chandler and Ms. Behm.

66.     In fact, on October 13, 2009, three months prior to this incident, Plaintiff went to a Pekin City Council meeting and addressed the council regarding the conditions and abuse at the

4

Tazewell County Jail.

67.     The Defendant-Officers, including HARPER and KARRICK, became upset with Plaintiff when he began to talk about the beatings at the jail.

68.     Plaintiff, still in a manic state, began to sing and drum on the toilet again.

69.     KARRICK told Plaintiff to stop or he would be tasered or sprayed.

70.     Plaintiff complied and stopped playing the drums on the toilet.

71.     Plaintiff sat down on the bench in the cell.

72.     When Plaintiff sat down, KARRICK said, "Oh now you're are going to be quiet."

73.     One of the Defendant-Officers, a female, said, "It is too late."

74.     A male Defendant-Officer told KARRICK to, "just pop it and spray."

75.     KING then opened Plaintiff's cell door and KARRICK sprayed OC spray in Plaintiff's face.

76.     At the time Plaintiff was sprayed, he was sitting quietly on the bench in his cell.

77.     Once again, Plaintiff had not threatened and was not physically combative with the Defendant-Officers before he was sprayed.

78.     After Plaintiff was sprayed, the Defendant-Officers did not provide Plaintiff with anything to flush out his eyes.

79.     Plaintiff was forced to use the dirty water from the toilet.

80.     The Defendant-Officers laughed at Plaintiff when he used the dirty water from the toilet to flush his eyes.

81.     Plaintiff asked the Defendant-Officers for help.

82.     The Defendant-Officers ignored Plaintiff and told him that he should have thought about that before.

83.     Plaintiff remained in the cell until the following morning.

84.     Plaintiff received medical attention for his injuries at a VA hospital in Peoria.

85.     Plaintiff also filed a complaint regarding the Defendant-Officers.

86.     Plaintiff has exhausted his administrative remedies.

87.     Each individual Defendant-Officer acted willfully and wantonly, maliciously, and with a conscious disregard and deliberate indifference to Plaintiff's rights.

5

88.     As a direct and proximate result of the acts of the Defendants described above, Plaintiff suffered damages including physical pain and suffering, emotional distress and pecuniary damages including medical expenses.

## COUNT I
### (42 U.S.C. § 1983 – Unconstitutional Conditions of Confinement)

89.     Plaintiff realleges paragraphs 1 through 88 as if fully set forth herein.

90.     The conditions of Plaintiff's confinement in the cell without running water and failing to provide Plaintiff with decontamination after the OC spray posed a substantial risk to Plaintiff's health.

91.     The Defendant-Officers were aware of the risks to Plaintiff's health and disregarded those risks.

62.     The conditions that Plaintiff had to suffer while being held in the cell, including having to use dirty water to flush his eyes after the OC spray, denied Plaintiff of his constitutional right to due process of law, in violation of the Fourteenth Amendment.

WHEREFORE, Plaintiff asks that this Honorable Court:

a)      Enter judgment against Defendant-Officers,

b)      Award Plaintiff compensatory and punitive damages,

c)      Award attorneys' fees and costs, and

d)      Award any further relief that this Honorable Court deems just and equitable.

## COUNT II
### (42 U.S.C. § 1983 – Excessive Force)

92.     Plaintiff realleges paragraphs 1 through 88 as if fully set forth herein.

93.     Defendant KERRICK violated Plaintiff's Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from the use of excessive and unreasonable force.

WHEREFORE, Plaintiff asks that this Honorable Court:

a)      Enter judgment against Defendant KERRICK,

b)      Award Plaintiff compensatory and punitive damages,

c)      Award attorneys' fees and costs, and

d)      Award any further relief that this Honorable Court deems just and equitable.

## COUNT III
### (42 U.S.C. § 1983 – Failure to Intervene)

94.     Plaintiff realleges paragraphs 1 through 88 as if fully set forth herein.

95.     While Plaintiff was subjected to excessive force, Defendant-Officers KING, STANTON, HARPER, TAYLOR, and FORCE had an opportunity to intervene, but chose not to intervene.

96.     KING, STANTON, HARPER, TAYLOR, and FORCE were deliberately indifferent to Plaintiff's right to be free from excessive and unreasonable force.

WHEREFORE, Plaintiff asks that this Honorable Court:

a)      Enter judgment against Defendants KING, STANTON, HARPER, TAYLOR, and FORCE,

b)      Award Plaintiff compensatory and punitive damages,

c)      Award attorneys' fees and costs, and

d)      Award any further relief that this Honorable Court deems just and equitable.

## COUNT IV
### (42 U.S.C. § 1983 – Denial of Medical Attention)

97.     Plaintiff realleges paragraphs 1 through 88 as if fully set forth herein.

98.     Plaintiff had a serious medical need regarding his mental health.

99.     Defendant-Officers were deliberately indifferent to Plaintiff's serious medical need.

100.    Defendant-Officers were aware of a substantial risk of harm to Plaintiff's health and Defendants disregarded this risk by failing to take reasonable measures to address it.

101.    After the Defendant-Officers observed Plaintiff in a manic state and when Defendant KERRICK tazed and sprayed Plaintiff with OC spray, Plaintiff was denied necessary medical attention.

102.    Defendant-Officers deliberate indifference caused harm to Plaintiff.

WHEREFORE, Plaintiff asks that this Honorable Court:

a)      Enter judgment against Defendant-Officers,

b)      Award Plaintiff compensatory and punitive damages,

c)      Award attorneys' fees and costs, and

d)      Award any further relief that this Honorable Court deems just and equitable.

## COUNT V
### (42 U.S.C. § 1983 – *Monell* Claim against the SHERIFF ROBERT HUSTON)

103.    Plaintiff realleges all of the above paragraphs and counts, as if fully set forth herein.

104.    At all times material to this Complaint, there existed in the following practices, policies and customs within the Tazewell County Jail:

    a.      arbitrary use of excessive force against pretrial detainees;

    b.      failure to deter sheriff deputies from the type of misconduct alleged in this Complaint, by its lack of discipline for misconduct, and defective investigations.

    c.      failure to provide proper medical attention for pretrial detainees with mental health disorders.

    d.      failure to properly train sheriff's deputies in how to handle pretrial detainees with mental health disorders.

105.    The actions of the correctional officers as alleged in this Complaint were done pursuant to, and as a result of the above *de facto* practices, policies and customs.

106.    Defendant ROBERT HUSTON has final policy-making authority and is responsible for the above-described policies, practices and customs.

107.    The practices, policies and customs described above are widespread, permanent and well-settled, and were known, or should have been known, to the policy-makers of the Tazewell County Jail.

108.    ROBERT HUSTON acted with deliberate indifference to the rights of Plaintiff in

maintaining, overlooking and preserving the unconstitutional practices, policies and customs delineated above.

109.    By his inaction and failure to correct the above-described  practices, policies and customs, ROBERT HUSTON tacitly approved and thus indirectly authorized the type of misconduct Plaintiff complains of herein.

WHEREFORE, Plaintiff asks that this Honorable Court:

a)      Enter judgment against ROBERT HUSTON ;

b)      Award Plaintiff compensatory damages, as determined at trial;

c)      Award Plaintiff attorney's fees and costs;

d)      Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT VI
### (State Law Claim for Battery)

110.    Plaintiff realleges paragraphs 1 through 88 as if fully set forth herein.

111.    Defendant KERRICK sprayed Plaintiff with OC spray and tased him.

WHEREFORE, Plaintiff asks that this Honorable Court:

a)      Enter judgment against Defendant KERRICK,

b)      Award Plaintiff compensatory and punitive damages,

c)      Award costs, and

d)      Award any further relief that this Honorable Court deems just and equitable.

## COUNT VII
### (State Law *Respondeat Superior* Claim)

112.    The acts of the Defendant KERRICK described in the above state-law claim for battery were willful and wanton, and committed in the scope of her employment.

113.    Pursuant to *respondeat superior*, Defendant ROBERT HUSTON is liable for its agents' actions.

WHEREFORE, Plaintiff demands judgment against Defendant ROBERT HUSTON, and such other and additional relief that this Honorable Court deems just and equitable.

9

## COUNT VIII
### (Indemnification Claim pursuant to 745 ILCS 10/9-102)

114.    The acts of the Defendant-Officers described in the above claims were willful and wanton, and committed in the scope of employment.

115.    Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant TAZEWELL COUNTY is liable for any judgments in this case arising from the Defendant-Officers' actions.

WHEREFORE, Plaintiff asks that this Honorable Court order Defendant TAZEWELL COUNTY to indemnify the Defendant-Officers for any judgment entered in this case arising from their actions.


**Jury Trial Demanded**

Respectfully submitted,


/s/ Louis J. Meyer
*Counsel for the Plaintiff*

/s/ Rodney R. Nordstrom
*Counsel for the Plaintiff*

Louis J. Meyer
Jackowiak Law Offices
20 North Clark Street, Suite 1700
Chicago, Illinois 60602
(312) 795-9595


Rodney R. Nordstrom
Attorney at Law
201 West McClure Avenue
Peoria, Illinois 61604
(309) 685-2326