**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| EVERETT LEWIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 10-1268 |
| | ) | |
| TAZEWELL COUNTY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This matter comes before this Court on Plaintiff Everett Lewis's

Motion to Compel Defendants to Produce Outstanding Responses and

Answers to Plaintiff's Discovery Requests (d/e 19) (Motion). For the

reasons set forth below, the Motion is ALLOWED in part and DENIED in

part.

## BACKGROUND

Plaintiff Everett Lewis brings this action against Tazewell County,

Illinois, Tazewell County Sheriff Robert Huston in his official capacity, and

several officers (Defendant-Officers) in the Tazewell County Sheriff's

Department (Department) arising out of an incident on December 9, 2009,

in which Lewis was tazed while in custody at the Tazewell County Jail

(Jail). Lewis brought claims under 42 U.S.C. § 1983 and state law against

the Defendant-Officers and a claim against Sheriff Huston in his official

capacity pursuant to <u>Monell v. Department of Social Services of City of</u>

<u>New York</u>, 436 U.S. 658, 690-91 (1978).   Sheriff Huston admitted in his

answer that the Defendant-Officers were acting pursuant to the customs

and policies of the Jail.  <u>Amended Answer and Affirmative Defenses (d/e</u>

<u>16)</u>, ¶ 104.[1]

On November 9, 2010, Lewis sent Defendants written discovery

requests.  <u>Motion</u>, Exhibits 1, 2, and 3, <u>Plaintiff's Requests to Produce</u>,

<u>Plaintiff's First Set of Interrogatories to Defendant Huston</u>, and <u>Plaintiff's</u>

<u>First Set of Interrogatories to the Defendant-Officers</u>.  Defendants objected

to some of the interrogatories and document requests.  Lewis's counsel

has certified that he has conferred with defense counsel to resolve these

objections, but some still remain.  <u>Motion</u>, ¶ 4.  Lewis now moves to compel

production of documents responsive to certain disputed requests and

answers to certain interrogatories.

<u>LEGAL PRINCIPLES OF DISCOVERY</u>

Federal Rule of Civil Procedure 26(b)(1) allows parties to obtain

discovery regarding any matter, not privileged, which is relevant to the

claim or defense of any party.  Relevant information need not be

---

[1]The Court is well aware of Defendant's pending Motion to Bifurcate Plaintiff's
Monell Claim [21] now pending before U.S. District Judge Mihm.

admissible at trial if the discovery appears to be reasonably calculated to lead to the discovery of admissible evidence.  The rule gives the district courts broad discretion in matters relating to discovery.  See Brown-Bey v. United States, 720 F.2d 467, 470-71 (7th Cir.1983); Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130, U. A., 657 F.2d 890, 902 (7th Cir.1981); see also, Indianapolis Colts v. Mayor and City Council of Baltimore, 775 F.2d 177, 183 (7th Cir.1985) (on review, courts of appeal will only reverse a decision of a district court relating to discovery upon a clear showing of an abuse of discretion).  "[I]f there is an objection the discovery goes beyond material relevant to the parties' claims or defenses, the Court would become involved to determine whether the discovery is relevant to the claims or defenses and, if not, whether good cause exists for authorizing it so long as it is relevant to the subject matter of the action. The good-cause standard warranting broader discovery is meant to be flexible."  Fed. R. Civ. P. 26(b)(1) Advisory Committee Notes, 2000 Amendment.

The federal discovery rules are to be construed broadly and liberally. Herbert v. Lando, 441 U.S. 153, 177 (1979); Jeffries v. LRP Publications, Inc., 184 F.R.D. 262, 263 (E.D .Pa. 1999).  Rule 26(b)(1) provides that the "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . .," but "[f]or good cause, the

court may order discovery of any matter relevant to the subject matter involved in the action." Fed. R. Civ. P. 26(b)(1). The party opposing discovery has the burden of proving that the requested discovery should be disallowed. Etienne v. Wolverine Tube, Inc., 185 F.R.D. 653, 656 (D. Kan. 1999); Golden Valley Microwave Foods, Inc. v. Weaver Popcorn Co., Inc., 132 F.R.D. 204, 207 (N.D. Ind. 1990); Flag Fables, Inc. v. Jean Ann's Country Flags and Crafts, Inc., 730 F. Supp. 1165, 1186 (D. Mass. 1989).

District Courts have broad discretion in discovery matters. Packman v. Chicago Tribune Co., 267 F.3d 628, 646 (7th Cir., 2001). A party must be diligent in pursuing the perceived inadequacies in discovery and the trial court does not abuse its discretion if a party untimely seeks to compel inadequate discovery responses. Packman at 647. However, even an untimely motion to compel may still be allowed if the party demonstrates actual and substantial prejudice resulting from the denial of discovery. Id. Remember, we are talking discovery, not admissibility at trial. With these principles in mind, the Court addresses Lewis' Motion.

ANALYSIS

I.    Interrogatories to Huston

Lewis asks the Court to compel Huston to answer interrogatories 2, 3, 4, and 10. Motion, at 4, and Exhibit 2, Plaintiff's First Set of

Interrogatories to Defendant Huston.  The Court addresses these Interrogatories in order below.

>    A.    Interrogatory 2

Interrogatory 2 asks for the total number of grievances made by pretrial detainees at the Jail in the past five years which alleged excessive force.  Huston objects on relevance grounds.  The Court sustains the objection.  The complaints of all detainees are only relevant to prove the claim that the Defendant-Officers acted pursuant to a custom, policy or practice of the Jail.  The Defendants admit this issue in the Answer.  There is, thus, no need to conduct discovery on this issue.  The only issue is the liability of the Defendant-Officers.  Statistics about the Jail as a whole are not relevant to that issue.

>    B.    Interrogatory 3

Interrogatory 3 asks for the number of such grievances identified above resulting in a finding that the complaint was sustained or valid.  The Court sustains the objection.  This request is irrelevant for the same reason that Interrogatory 2 was irrelevant.  Statistics about the Jail as a whole are not relevant.

>    C.    Interrogatory 4

Interrogatory 4 asks for the number of grievances identified above resulting in discipline for Jail employees.  The Court sustains the objection.

This request is irrelevant for the same reason that Interrogatory 2 was irrelevant.  Statistics about the Jail as a whole are not relevant.

D.    Interrogatory 10

Interrogatory 10 asks for information on any civil rights case filed alleging misconduct by any of the Department's deputies since 2000.  The Court sustains the objection.  This request is irrelevant for the same reason that Interrogatory 2 was irrelevant.  Statistics about the Jail as a whole are not relevant.

II.    Interrogatories to Individual Defendants

Interrogatory 13

Lewis asks each Defendant-Officer to answer Interrogatory 13. Motion, at 4, and Exhibit 3, Plaintiff's First Set of Interrogatories to Defendants Aleisha Karrick, Jennifer Stanton, Curtis King, Gave Harper, Michael Taylor, and Marissa Force.   Interrogatory 13 asks each Defendant-Officer to provide information about every grievance filed against him or her within the last five years alleging assault, battery, excessive force, failure to protect from excessive force, or similar allegations.  The Defendants object on relevance grounds and on the grounds that the disclosure of this information impinges on the Defendant-Officers' privacy.  The Court overrules the objection.  Information regarding the Defendant-Officers' past record for similar conduct is reasonably

calculated to lead to relevant evidence for impeachment or evidence

admissible under Federal Rule of Evidence 404(b) to prove intent or other

matters. The Defendant-Officers' privacy concerns are addressed by the

HIPAA Qualified Protective Order entered February 23, 2011 (d/e 17)

(Protective Order). If Defendants believe that Protective Order is

inadequate, they may propose amendments, or offer a supplemental

protective order, to improve the protections for confidential information.

The Defendant-Officers, however, are ordered to provide the information

requested.

III.    Request to Produce

Lewis asks the Court to compel the Defendants to produce

documents responsive to document requests numbers 18-30, 38-43, and

46. The Court addresses these document requests in order below.

A.    Requests Nos. 18-23

These requests ask for the personnel file for each Defendant-Officer.

Defendants object on privacy, security, and relevance grounds.

Information from the Defendant-Officers' personnel records is reasonably

calculated to lead to relevant evidence. Each Defendant-Officer's training

and experience is relevant to the show each Defendant-Officer's

knowledge and understanding of the events at issue, and so, may be

relevant to issues such as intent and absence of mistake. The Defendant-

Officer's background may also be relevant for impeachment.   Again, the

Protective Order process as discussed above, should address any privacy

or security concerns.  If Defendants believe that Protective Order is

inadequate, they may propose amendments, or offer a supplemental

protective order, to improve the protections for confidential information.

The Defendant-Officers, however, are ordered to provide the information

requested.

> B.     Requests Nos. 24-29

These requests ask for documents related to any charges or

investigations of each Defendant-Officers concerning allegations of assault,

battery, excessive force, failure to protect from excessive force, or similar

allegations.  Defendants object on relevance grounds.  The Court overrules

the objection.  The Defendant-Officers' history of charges and

investigations involving similar allegations is reasonably calculated to lead

to relevant evidence.  Each Defendant-Officer's history is relevant to show

each Defendant-Officer's knowledge and understanding of the events at

issue, and so, may be relevant to issues such as intent and absence of

mistake.  The Defendant-Officer's history may also be relevant for

impeachment.

C.    Request No. 30

Request No. 30 asks for all files held by the Jail, Department, and

Tazewell County Department of Corrections related to any complaint

against any Defendant-Officer.  The Defendants object on relevance

grounds.  The Court sustains the objection to this request because the

request is overly broad and cumulative.  The request asks for any

complaint regardless of whether the complaint relates to the use of force.

The request also has no time limitation.  The request is also cumulative

because the relevant information sought by this request will also be

responsive to document requests 18-29.

D.    Requests Nos. 38-42

This request asks for documents related to any case against the

Defendant Huston, the Jail, and any Department deputy in the last five

years.  The Defendants object on relevance grounds.  The Court sustains

the objection.  Information about any claim against Huston, the Jail, or non-

party Department personnel is only relevant to prove the claim that the

Defendant-Officers acted pursuant to a custom, policy or practice of the

Jail.  The Defendants admit this issue in the Answer.  There is, thus, no

need to conduct discovery on this issue.  The only issue is the liability of

the Defendant-Officers.  Evidence about the Jail or Department personnel

as a whole is not relevant.

E.    Requests Nos. 43 and 46

Request No. 43 asks for documents related to the "Becky Behm incident" on October 17, 2008, and Request No. 46 asks for statements made by Huston on or about May 25, 2010, regarding the Becky Behm incident.  According to Lewis, the Behm incident also involved officers entering the cell holding detainee Behm and using force on her.  Lewis believes that Huston made a statement about entering cells in that case.  The Defendants object on relevance grounds.  The Court overrules the objections.  Huston's statement as Sheriff regarding officers' entry into cells in such situations is discoverable and may be admissible or lead to admissible evidence.  The statement could possibly be used in cross examination or for impeachment.  Because the statement is discoverable, the background information about the incident is also discoverable in order to evaluate the statement.  The Defendants are ordered to produce the responsive documents.  These documents are not to be used by Plaintiff outside this litigation in any manner.

WHEREFORE Plaintiff Everett Lewis's Motion to Compel Defendants to Produce Outstanding Responses and Answers to Plaintiff's Discovery Requests (d/e 19) is ALLOWED in part and DENIED in part.  The

Defendants are ordered to provide answers and documents as set forth in

this Opinion by July 8, 2011.


ENTER:     June 17, 2011


                          s/ Byron G. Cudmore
                       BYRON G. CUDMORE
              UNITED STATES MAGISTRATE JUDGE